UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

RONNIE EDWARDS,

        Plaintiff,

    v.

NEVADA DEPARTMENT OF CORRECTIONS,

        Defendant.

Case No. 2:19-cv-00806-RFB-VCF

**ORDER**

Plaintiff's Motion for Preliminary Injunction

    Before the Court is Plaintiff Ronnie Edward's Motion for Preliminary Injunction and Notice of Appeal. ECF No. 1. The Court construes the motion as one for an ex parte temporary restraining order based on a claim of deliberate indifference to a serious medical need against Nevada Department of Corrections as well as the warden, associate wardens, medical director, and medical staff at High Desert State Prison ("HDSP"). For the reasons stated below, the Court grants the motion Plaintiff's Motion.

**I.    PROCEDURAL BACKGROUND**

    Plaintiff filed his Motion for Preliminary Injunction on May 8, 2019. ECF No. 1. But Plaintiff failed to pay the filing fee to initiate a civil matter or an application to proceed *in forma pauperis*. See docket. No screening order has been issued. See id. Defendants have not had an opportunity to respond.

## II. FACTS ALLEGED

The Court makes the following findings based upon the allegations in the Motion.

Plaintiff underwent a corneal transplant on March 14, 2017. In conjunction with the surgery, Plaintiff's treating physician prescribed specific medications, including prescription eye drops. Medical staff at HDSP, the facility at which Plaintiff is incarcerated, have failed to timely refill Plaintiff's prescriptions despite Plaintiff's repeated submissions of medical kites and grievances.

Importantly, Plaintiff visited his treating physician on November 30, 2018. The physician informed Plaintiff that his eye was rejecting the transplant. The physician then questioned if Plaintiff had been complaint with his medications. When Plaintiff explained that HDSP staff failed to timely refill his prescriptions and caused him to go without his medications for weeks at a time, the physician wrote an order instructing HDSP staff to provide six refills to Plaintiff and directing Plaintiff to increase the number of eye drops used daily. HDSP staff continued to delay Plaintiff's prescription refills, resulting in Plaintiff going without his eye drops for over one month.

Plaintiff continues to submit kites and grievances and attaches several medical kites to confirm his complaints. He also details the pain and vision loss resulting from not having his medication in a timely fashion.

## III. LEGAL STANDARD

A temporary restraining order ("TRO") may be issued without notice to the adverse party only if the moving party: (1) provides a sworn statement clearly demonstrating "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and (2) sets forth the efforts made to notify the opposing party and why notice should not be required. Fed. R. Civ. P. 65(b)(1). TROs issued without notice "are no doubt necessary in certain circumstances, but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." Reno Air Racing Ass'n v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006) (quoting Granny Goose Foods, Inc. v. Bhd. of Teamsters, 415 U.S. 423, 439

(1974)). The analysis for a temporary restraining order is "substantially identical" to that of a preliminary injunction. Stuhlbarg Intern. Sales Co, Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001).

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). To obtain a preliminary injunction, a plaintiff must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in its favor, and (4) that the public interest favors an injunction." Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc., 758 F.3d 1069, 1071 (9th Cir. 2014), as amended (Mar. 11, 2014) (citing Winter, 555 U.S. 7, 20 (2008)). A preliminary injunction may also issue under the "serious questions" test. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134 (9th Cir. 2011) (affirming the continued viability of this doctrine post-Winter). According to this test, a plaintiff can obtain a preliminary injunction by demonstrating "that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor," in addition to the other Winter elements. Id. at 1134-35 (citation omitted).

**IV.   DISCUSSION**

The Court first finds that the requirements for issuing a TRO under Rule 65 without notice to Defendants are satisfied based on the specific facts alleged in Plaintiff's signed declaration and on Plaintiff's multiple attempts to notice Defendants through prison kites and grievances.

The Court also finds that Plaintiff has alleged that irreparable injury could immediately occur if this case is not heard on an emergency basis. The Court agrees. Plaintiff has provided credible allegations that his body has begun to reject his corneal transplant due to HDSP staff failing to provide timely prescription refills for Plaintiff's prescription eye drops. The Court therefore finds that it is appropriate to issue a TRO to ensure that the Plaintiff has continued access to his prescription while the Defendant is given an opportunity to respond and the Court decides whether to issue a preliminary injunction.

The Court additionally finds that the four Winter factors weigh in favor of granting Plaintiff's request.

### a. Likelihood of Success on the Merits

Plaintiff has alleged that the Defendant was deliberately indifferent to his medical needs in violation of the Eighth Amendment. A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate. Farmer v. Brennan, 511 U.S. 825, 828 (1994). "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled on other grounds by Peralta v. Dillard, 744 F.3d 1076 (9th Cir. 2014). To establish the objective standard prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citation and quotation marks omitted). The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a "serious" need for medical treatment. Id. at 1059–60. To satisfy the deliberate indifference prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Id. (citation omitted).

The Court finds that the Plaintiff has established a likelihood of success on the merits. A corneal transplant is a serious medical procedure that could profoundly impact Plaintiff's daily activities. Prison medical staff were aware that the Plaintiff had been prescribed specific eye drops and that his body had begun to reject his transplant due to Plaintiff not having access to his medications as directed. By failing to refill Plaintiff's prescription as soon as it ran out and not responding in a timely manner when the Plaintiff requested refills, prison medical staff knowingly endangered the success of the transplant. Plaintiff suffers from continual pain and from vision loss as a result. He also has experienced significant emotional distress. Plaintiff has submitted exhibits

verifying his various complaints through HDSP procedures. This is sufficient to establish a likelihood of success on a claim of deliberate indifference to a serious medical need.

### b. Irreparable Harm

Plaintiff has clearly established the possibility of irreparable harm if he is not ensured access to his prescription. If his body continues to reject the transplant, he could lose vision in his eye—an irreparable and severe injury.

### c. Balance of Equities

The Court finds that the balance of equities tilts in favor of Plaintiff, given that he was prescribed these eye drops by a doctor after Plaintiff underwent a substantial surgery. It is a minor burden for Defendants to ensure that the Plaintiff receives his prescription as directed. Further, if Defendants fail to do so, the results for Plaintiff could be disastrous.

### d. Public Interest

The Court also finds that the public interest is in Plaintiff's favor. The public has a strong interest in ensuring that inmates are given access to adequate health care and do not have their constitutional rights violated while incarcerated.

## V. CONCLUSION

**IT IS THEREFORE ORDERED** that the Motion for Preliminary Injunction (ECF No. 1) is GRANTED. The Court issues a Temporary Restraining Order with the following terms.

**IT IS FURTHER ORDERED** that the warden, associate warden, and medical staff at High Desert State Prison are ordered to provide Plaintiff **TODAY** with the prescribed medications for his eye.

**IT IS FURTHER ORDERED** that the warden, associate warden, and medical staff at High Desert State Prison ensure that Plaintiff receives his prescriptions related to his eye surgery each day as directed by the prescribing doctor until such time as the prescribing doctor deems this prescription no longer necessary.

**IT IS FURTHER ORDERED** that the warden, associate warden, and medical staff at High Desert State Prison may be held in contempt each day Plaintiff goes without his medication

relating to his eye surgery beginning on May 11, 2019. The Court may impose a $500.00 daily coercive sanction for each day Defendants remain in contempt.

**IT IS FURTHER ORDERED** that the warden, associate warden, and medical staff at High Desert State Prison refill Plaintiff's prescriptions related to his eye surgery each time they run out without Plaintiff having to request a refill for as long as the prescribing doctor deems necessary.

**IT IS FURTHER ORDERED** that the warden, associate warden, and medical staff at High Desert State Prison maintain a medical log for the duration of this TRO that documents when Plaintiff receives his medications related to his eye surgery on each day and indicates which medical staff member witnessed Plaintiff receive his medication.

**IT IS FURTHER ORDERED** that the warden, associate warden, and medical staff at High Desert State Prison submit to the Court a copy of Plaintiff's medical records under seal by no later than 12:00 pm on Tuesday, May 14, 2019.

**IT IS FURTHER ORDERED** that the warden, associate warden, and medical staff at High Desert State Prison file a response, if any, to Plaintiff's motion by no later than 12:00 pm on Tuesday, May 14, 2019.

**IT IS FURTHER ORDERED** that a hearing regarding the Motion for Preliminary Injunction and/or Protective Order and Support (ECF No. 1) is set for Wednesday, May 15, 2019 at 9:30 a.m. in LV Courtroom 7C before Judge Richard F. Boulware, II.

**IT IS FURTHER ORDERED** that Plaintiff shall file the filing fee to initiate this civil matter or an application to proceed *in forma pauperis* with the Court by May 17, 2019.

**IT IS FURTHER ORDERED** that the Clerk of the Court send a copy of Plaintiff's filings (ECF No. 1) and a copy of this order to the warden and the associate warden of High Desert State Prison by expedited mail and by fax. The contact information is as follows:

> Warden Brian E. Williams Sr.
> High Desert State Prison
> P.O. Box 650
> Indian Springs, Nevada 89070
> Fax: (702) 879 – 6605

|   |   |
|---|---|
| 1 | Associate Warden Jennifer Nash |
| 2 | High Desert State Prison |
|   | P.O. Box 650 |
| 3 | Indian Springs, Nevada 89070 |
|   | Fax: (702) 879 – 6605 |
| 4 | |

**IT IS FURTHER ORDERED** that the Clerk of the Court send a copy of Plaintiff's filings (ECF No. 1) and a copy of this order by expedited mail and by fax to D. Randall Gilmore of the Nevada Attorney General's Office. The contact information is as follows:

D. Randall Gilmer
Office of Attorney General of Nevada
555 E. Washington, Suite 2600
Las Vegas, Nevada 89101
Fax: (702) 486 - 3774

DATED this 10th day of May, 2019.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**