UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

RONNIE EDWARDS,

Plaintiff,

v.

NEVADA DEPARTMENT OF
CORRECTIONS, et al.,

Defendant.

Case No. 2:19-cv-00806-RFB-VCF

**ORDER**

Plaintiff's Motion for Preliminary Injunction
and Motion for Temporary Restraining Order

Before the Court are Plaintiff's Motion for Preliminary Injunction and Motion for
Temporary Restraining Order.  ECF Nos. 25 and 26.  For the reasons stated below, the Court denies
the Plaintiff's Motions.

I.       **PROCEDURAL BACKGROUND**

Plaintiff began this case by filing a Motion for Preliminary Injunction on May 8, 2019.
ECF No. 1.  Plaintiff filed his motions for a preliminary injunction and a temporary restraining
order on July 6, 2019.  ECF Nos. 25, 26.  Defendants filed their responses to both motions on July
14, 2020 and submitted supplemental responses on July 22, 2020.  ECF Nos. 32, 33, 35, 36.
Plaintiff submitted his reply on July 29, 2020.  ECF No. 39.

II.      **FACTS ALLEGED**

The Court makes the following findings based upon the allegations in the Motions.

1    Plaintiff is legally blind and struggles with daily activities, such as extreme sensitivity to

2    light and difficulty seeing at night.  Plaintiff requires medical prescriptions for various ailments, a

3    magnifying glass, and folding walking stick.    In October 2019 Plaintiff was placed in

4    administrative segregation due to his disability, which prevented him from practicing with his

5    walking stick and from participating in re-entry programs.  In anticipation of his release date, on

6    or about August 15, 2020, Plaintiff requested assistance from Nevada Department of Corrections

7    ("NDOC") officials with completing his Supplemental Security Information ("SSI") application.

8    Plaintiff also repeatedly submitted requests for assistance regarding his post-release needs; NDOC

9    officials, however, informed him that NDOC has no responsibility for his care following his

10    release.  Plaintiff continued to submit prison kites and grievances and attaches several kites to

11    confirm his complaints.  He also detailed his concern about lack of resources and potential COVID-

12    19 exposure upon release from prison.

13

14    **III.**    **LEGAL STANDARD**

15    A preliminary injunction is "an extraordinary remedy that may only be awarded upon a

16    clear showing that the plaintiff is entitled to such relief."   Winter v. Natural Res. Def. Council,

17    Inc., 555 U.S. 7, 22 (2008).  To obtain a preliminary injunction, a plaintiff must establish four

18    elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer

19    irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in its

20    favor, and (4) that the public interest favors an injunction."  Wells Fargo & Co. v. ABD Ins. & Fin.

21    Servs., Inc., 758 F.3d 1069, 1071 (9th Cir. 2014), as amended (Mar. 11, 2014) (citing Winter, 555

22    U.S. 7, 20 (2008)).  A preliminary injunction may also issue under the "serious questions" test.

23    Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134 (9th Cir. 2011) (affirming the

24    continued viability of this doctrine post-Winter).  According to this test, a plaintiff can obtain a

25    preliminary injunction by demonstrating "that serious questions going to the merits were raised

26    and the balance of hardships tips sharply in the plaintiff's favor," in addition to the other Winter

27    elements.  Id. at 1134-35 (citation omitted).

28    A temporary restraining order ("TRO") may be issued without notice to the adverse party

1   only if the moving party: (1) provides a sworn statement clearly demonstrating "that immediate

2   and irreparable injury, loss, or damage will result to the movant before the adverse party can be

3   heard in opposition," and (2) sets forth the efforts made to notify the opposing party and why

4   notice should not be required.  Fed. R. Civ. P. 65(b)(1).  The analysis for a temporary restraining

5   order is "substantially identical" to that of a preliminary injunction.  Stuhlbarg Intern. Sales Co,

6   Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001).

7        As a threshold matter, "there must be a relationship between the injury claimed in the

8   motion for injunctive relief and the conduct asserted in the underlying complaint." Pac. Radiation

9   Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 636 (9th Cir. 2015).  This requires a sufficient

10  nexus between the claims raised in a motion for injunctive relief and the claims set forth in the

11  underlying complaint itself.   The relationship between the preliminary injunction and the

12  underlying complaint is sufficient where the preliminary injunction would grant "relief of the same

13  character as that which may be granted finally.  Absent that relationship or nexus, the district court

14  lacks authority to grant the relief requested." Id. at 636.

15

16        **IV.   DISCUSSION**

17        The Court finds that Plaintiff cannot meet his burden to show that he is entitled to a

18  preliminary injunction or temporary restraining order at this time.  The injunctive relief that

19  Plaintiff seeks is not sufficiently connected to the underlying complaint.  Plaintiff seeks monetary

20  damages in response to the conduct alleged in his complaint.  ECF No. 13.  The Ninth Circuit has

21  explained that the Court may only grant injunctive relief when the preliminary injunction would

22  grant relief of the same character as that which may be granted finally.  Pac. Radiation Oncology,

23  LLC, 810 F.3d at 636.  Further, Defendants indicated in their supplemental responses to Plaintiff's

24  motions that he will receive a thirty-day supply of certain medications, NDOC exhausted all

25  potential avenues to find suitable transitional housing, and his SSI application is still pending.

26  ECF Nos. 35, 36.  The Court therefore finds that there is not a likelihood of success on the merits

27  of this case.

28

**V.      CONCLUSION**

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Preliminary Injunction (ECF No. 25) and Motion for a Temporary Restraining Order (ECF No. 26) are DENIED.


DATED: August 21, 2020.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**